**Opinion issued November 25, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00810-CR

———————————

## EX PARTE ROBERT WILLIAM BURLETH

———————————

### On Appeal from the County Criminal Court at Law No. 5
### Harris County, Texas
### Trial Court Cause No. 9519158-A

———————————

## MEMORANDUM OPINION

Robert William Berleth appeals from the trial court's order denying his petition for writ of habeas corpus pursuant to Article 11.072 of the Texas Code of Criminal Procedure.[1] In his application for writ of habeas corpus, Berleth contends

---

[1]  *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West 2005) (providing for appeal in felony or misdemeanor case in which applicant seeks relief from order or judgment of conviction ordering community supervision).

that he received ineffective assistance of counsel at trial because he did not receive any advice from appointed counsel before his plea, was not properly advised of the consequences of his plea, and was improperly advised by the prosecutor and the visiting judge that his plea for deferred adjudication, "once completed, would be as if it had never happened." The trial court denied the writ of habeas corpus on March 7, 2014. Findings of fact and conclusions of law were signed on July 22, 2014. In its findings of fact and conclusions of law, the trial court found that the relief requested by the applicant is barred by laches under *Ex parte Perez*, 398 S.W.3d 206 (Tex. Crim. App. 2013). The notice of appeal from the March 7, 2014 order was not filed until September 22, 2014. Appellant did not file a motion for extension of time to file his notice of appeal. Further, appellant did not respond to a notice of intent to dismiss for want of jurisdiction issued by this Court on October 28, 2014.

Texas Rule of Appellate Procedure 26.2 provides that in a criminal case, the notice of appeal must be filed within 30 days after the trial court entered an appealable order, unless a motion for new trial is filed, in which case a notice of appeal must be filed within 90 days. TEX. R. APP. P. 26.2. The notice filed by Berleth was not timely, and he has therefore failed to invoke this Court's jurisdiction to consider his appeal. *See Slayton v. State*, 981 S.W.2d 208, 210

2

(Tex. Crim. App. 1998) (holding a timely filed notice of appeal is essential to vest the court of appeals with jurisdiction to address the merits of an appeal.

Accordingly, we dismiss appellant's appeal.

**PER CURIAM**

Panel consists of Justices Keyes, Higley, and Brown.

Do not publish.   TEX. R. APP. P. 47.2(b).